E-FILED
Monday, 21 September, 2009  12:15:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY CONLEY,
    Plaintiff,

vs.                                09-1299

LOIS MATHES, et al.
    Defendants.

MERIT REVIEW ORDER

       This cause is before the court for merit review of the plaintiff's amended complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

       The pro se plaintiff has filed his complaint pursuant to 42 U.S.C.§1983 against 17 defendants including: Health Care Administrator Lois Mathes, Dr. Funk, Wexford Corporation, Sergeant Jacob, Dietary Manager Marcia Keys, Warden Keith Anglin, Warden Joseph Loftus, Assistant Warden Victor Calloway, Food Service Manager Suzann Griswold, Nurse Tina, Terry Fueyo, Nurse Mary Miller, Health Care Director Dr. Ameji, the Illinois Department of Corrections, Ricky Jones, and two John Doe defendants.

       There are several problems with the plaintiff's complaint. First, the plaintiff is attempting to improperly bring unrelated claims in a single case. In *George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007), the Court of Appeals stated that "[u]nrelated claims against different defendants belong in different suits." In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *Id.*

       For instance, the plaintiff cannot bring his unrelated claims against defendants at the Danville Correctional Center in the same complaint with defendants from the Hill Correctional Center. These must be filed in separate complaints. In addition, several of the claims from each correctional center are unrelated. For instance, the plaintiff alleges that certain unspecified supervisors and Counselor Durkin were deliberately indifferent to his serious health condition when he was housed near a heavy smoker when the defendants knew he suffered from asthma. The plaintiff also alleges that Dr. Funk and Lois Mathes deliberately refused to allow him certain shoes that had been prescribed for him due to a diabetic condition. The plaintiff also has an unspecified claim involving his property and Defendant Jones and Collins. None of these claims are related, nor do they involve the same defendants and therefore cannot be brought in

1

the same lawsuit.

Second, the plaintiff must clearly state his claims against each defendant. It is not apparent to the court which incidents the plaintiff intends to include in his complaint based on the rambling nature of his complaint and the 60 pages of attached exhibits. In addition, the plaintiff names individuals in the body of his complaint, such as Counselor Durkin, which are not identified as defendants in the list of defendants.

Finally, the plaintiff has not clearly articulated an official capacity claims. The plaintiff cannot sue the Illinois Department of Corrections, nor has he stated a clear claim against Wexford.

The court therefore finds that the plaintiff's complaint violates Rules 18 and 20 of the Federal Rules of Civil Procedure and the Seventh Circuit has instructed that such "buckshot" complaints should be "rejected." *Id.* In addition, the plaintiff should not attach dozens of pages of documents to his complaint and ask the court to wade through the exhibits in hopes of finding additional claims. Rule 8 of the Federal Rules of Civil Procedure requires that the plaintiff submit "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Therefore, the court will cancel the upcoming merit review hearing and allow the plaintiff one opportunity to file an amended complaint. The amended complaint must stand complete on its own without reference to any previous filing. The plaintiff must clearly and **briefly** state what he is accusing each defendant of doing. Most importantly, the plaintiff must not include unrelated claims against unrelated defendants in the same lawsuit. If the plaintiff fails to follow the court's direction, he may accumulate strikes pursuant to 28 U.S.C. § 1915(g) for any meritless claims within his lawsuit. *See George v Smith,* 507 F.3d 605, 607; *see also Boriboune v Berge,* 391 F.3d 852, 855 (7th Cir. 2004).

In addition, the plaintiff's motion for appointment of counsel is denied. [d/e 4] Indigent civil litigants have no constitutional or statutory right to be represented by a lawyer, *Merritt v. Faulkner,* 697 F.2d 761, 763 (7th Cir. 1983), but federal district courts are authorized by statute to appoint counsel where justified by "exceptional circumstances." *Farmer v Haas,* 990 F.2d 319, 322 (7th Cir. 1993) Before a court will inquire as to whether a circumstances of a case are exceptional, the plaintiff must demonstrate that he has made reasonable efforts to retain counsel and was unsuccessful, or that he was effectively precluded from making such efforts. *Jackson v. County of McLean,* 953 F.2d 1070, 1072-73 (7th Cir. 1992); *see also Williams v Finney,* 2007 WL 3085958 at 1 (N.D. Ill. Oct. 18, 2007). The plaintiff's motion makes no such representation. The plaintiff must also be able to clearly articulate his intended claims.

**IT IS THEREFORE ORDERED that;**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the plaintiff's complaint is dismissed as a violation of Rules 8, 18 and 20 of the Federal**

**Rules of Civil Procedure.**

**2) A merit review hearing is now rescheduled for October 29, 2009 at 10:30 a.m. by video conferencing. The clerk is to issue a writ for the plaintiff's participation in the video conference.**

**3) The court will allow the plaintiff one opportunity to file an amended complaint. The plaintiff must follow the court's specific directions in this order and must not included unrelated claims against unrelated defendants in the same complaint. The plaintiff must file his amended complaint on or before October 20, 2009. If the plaintiff fails to follow the court's direction, his case may be dismissed and he may accumulate strikes pursuant to 28 U.S.C. § 1915(g)**

**4) The plaintiff's motion for appointment of counsel is denied. [d/e 4]**

Entered this 21st Day of September, 2009.

s\Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE