UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY CONLEY,
     Plaintiff,

     vs.                                        09-1299

LOIS MATHES, et al.
     Defendants.

MERIT REVIEW ORDER #2

     This cause is before the court for merit review of the plaintiff's amended complaint. The court dismissed the plaintiff's original complaint as a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. *See* September 21, 2009 Merit Review Order. The court gave the plaintiff an opportunity to file an amended complaint that clearly set out his claims against his intended defendants.

     The plaintiff has now filed his amended complaint. The court is still required by 28 U.S.C. §1915A to "screen" the plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

     The pro se plaintiff has filed his amended complaint pursuant to 42 U.S.C.§1983 against 12 defendants including: Health Care Administrator Lois Mathes, Dr. Funk, Dietary Manager Marcia Keys, Warden Keith Anglin, Warden Joseph Loftus, Assistant Warden Victor Calloway, Food Service Manager Suzann Griswold, Nurse Tina, Terry Fueyo, Nurse Mary Miller, Health Care Director Dr. Ameji and Ricky Jones. The plaintiff's no longer lists Wexford Corporation, Sergeant Jacob, the Illinois Department of Corrections and two John Does as defendants. However, the court notes that while these defendants are not listed in the section identifying defendants, the plaintiff still makes reference to most of them in the body of his complaint.

     The plaintiff has divided his amended complaint into six "claims." However, in the plaintiff's rambling account, he does state a new allegation for each claim, but also repeats some of his previous allegations in each claim.

     The court also notes that the plaintiff was previously advised that he could not bring unrelated claims against unrelated defendants in the same complaint. *See* September 21, 2009 Merit Review Order; *see also George v Smith,* 507 F.3d 605, 607 (7th Cir. 2007). In addition, the plaintiff was admonished that if he if failed "to follow the court's direction, he may accumulate strikes pursuant to 28 U.S.C. § 1915(g) for any meritless claims within his lawsuit." September 21, 2009 Merit Review Order, p. 2, 3. The court will consider the claims in the order presented by the plaintiff:

COUNT ONE: The plaintiff says he has a long history of foot pain and he was approved for special shoes with arch supports. The plaintiff says he was transferred to Hill Correctional Center in August of 2006, and made requests for the shoes, but was denied. In May of 2007, the plaintiff says he was told Dr. Funk from Wexford came to Hill Correctional Center as a "collegial-review doctor" and reviewed the plaintiff's request for shoes. (Comp, p. 5) The plaintiff says without ever meeting him, Dr. Funk denied his request. The plaintiff says he was transferred to Danville Correctional Center at some point, and was again told by Nurse Mary Miller and others that his shoe request had been denied by Dr. Funk. Nurse Miller also informed the plaintiff that he could order shoes from the commissary as apparently he had done before at Stateville Correctional Center. In addition, Nurse Miller told the plaintiff that Wexford did not pay for arch supports, but the plaintiff could also purchase the supports on his own. In his complaint, the plaintiff says he was "approved" for the special shoes based on a receipt from a California "Bio-Orthopadeic Laboratory" dated May 22, 2003. (Comp., p. 5).

The court finds the plaintiff has failed to state a claim upon which relief can be granted. In order to state an Eighth Amendment claim, the plaintiff must pass both an objective and a subjective test. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). The first prong of the test requires the plaintiff to demonstrate that the alleged deprivation was sufficiently serious. *Id.*

The second prong of the Eighth Amendment test requires the plaintiff to show that the defendants acted with deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "[A] finding of deliberate indifference requires evidence that the official was aware of the risk and consciously disregarded it nonetheless." *Mathis v. Fairman*, 120 F.3d 88, 91 (7th Cir. 1997)(citing *Farmer* at 840-42) Inmates are not entitled to a specific type of treatment, or even the best care, only reasonable measures to prevent a substantial risk of serious harm. *Forbes v. Edgar,* 112 F.3d, 262, 267 (7th Cir. 1997).

It is doubtful that the plaintiff could demonstrate he suffered from a serious medical condition, but based on the facts alleged in the amended complaint, the plaintiff has not allege that the defendants were deliberately indifferent to his condition. The plaintiff says he was approved for shoes, but does not allege that the shoes were somehow prescribed by a doctor. The plaintiff also says he was told he could purchase the shoes and arch supports, but they would not be provided free of charge. The plaintiff does not allege that he could not afford these items.

COUNT TWO: The plaintiff's second allegation is somewhat difficult to decipher. However, he appears to be claiming that the diet served at Danville Correctional Center is high in soy and this has caused him various medical problems. The plaintiff says soy has been "recognized as safe as an Industrial Cardboard Binder, Not As Food." (Comp, p. 6). The plaintiff says eating soy has lead to "acid reflux bad bowel disease" and to the diagnosis of H. pylori on two occasions. (Comp, p.7)

The court notes that it is doubtful the plaintiff can demonstrate that the consumption of soy lead to the diagnosis of an H. pylori or Helicobacter plylor infection. H. pylori "is a bacterial infection that affects the stomach lining." *Hardy v Aguinaldo*, 2003 WL 21350070 at 4 (N.D. June 10, 2003). The bacteria "is most likely spread by fecal contamination of food and eating utensils or by contaminated water." *Lozano v Corrections Corp. of America,* 2001 WL 1355607 at 1 (6th Cir. Oct. 26, 2001). *See also Woodard v Weberg,* 2009 WL 310898 at 4 (W.D. Mich. Feb 6,

2009)("transmission of H. Pylori bacterium generally requires oral-oral or fecal-oral contamination.") Nonetheless, it is possible the plaintiff could demonstrate that the consumption of large amounts of soy products lead to acid reflux disease or other health problems.

The plaintiff alleges that he told Marcia Keys, Suzann Griswold, Keith Anglin, Joseph Loftus and Victor Calloway about the impact the soy diet was having on him, but none of the defendants took any action. The plaintiff has adequately alleged an Eighth Amendment violation against these individuals.

COUNT THREE: The rambling account given by the plaintiff is difficult to decipher. The plaintiff says he was called to the health care unit for a blood test and was met by Nurse Tina and a nurse in training. The plaintiff says Nurse Tina made several unsuccessful attempts to draw blood. She then told the training nurse that they did not usually draw blood from the large vein on the back of the arms, but continued with the procedure. The plaintiff alleges that this procedure somehow lead to a blood clot and chest pain that "turned out to be a heart attacks." (Comp, p. 7) The plaintiff alleges he has "suffered a few heart attacks at the hands of Nurse Tina." (Comp., p. 7). The plaintiff says he complained to the Health Care Administrator, Mary Miller, but she responded that she did not receive a grievance about any injury. The plaintiff then states that he notified Mary Miller that he had "suffered a heart attack at the hands of Tina and Dr. Ameji due to Dr. Ameji falsifying the E.KG." (Comp, p. 8). Later in his complaint, the plaintiff seems to claim that he was taken to an outside hospital due to the blood clot. (Comp, p. 9).

It is difficult to understand what happened to the plaintiff from the statements in his complaint. Nonetheless, it is clear the plaintiff is attempting to state an Eighth Amendment claim against Defendants Nurse Tina, Mary Miller and possible Dr. Ameji. Despite the court's warning, the plaintiff is improperly attempting to bring unrelated claims against unrelated defendants in the same lawsuit. This claim is not related to the Eighth Amendment claim previously stated against Defendants Marcia Keys, Suzann Griswold, Keith Anglin, Joseph Loftus and Victor Calloway. Therefore, the court will not consider this claim. The plaintiff may chose to file another lawsuit alleging these claims against Defendants Nurse Tina, Miller and Dr. Ameji, but the plaintiff may not file a "buckshot" complaint containing unrelated claims against unrelated defendants. *George,* 507 F.3d at 607.

COUNT FOUR: The plaintiff repeats some of his earlier claims, but also states that Dr. Ameji was deliberately indifferent to his serious medical needs when he canceled his inhaler without talking to the plaintiff. The plaintiff alleges this was done to save money for Wexford.

The claim against Dr. Ameji is not related in any way to Count Two, and therefore the court will not consider this allegation. The plaintiff may include this claim along with Claim Three if he chooses to file a separate lawsuit, since both claims involve Dr. Ameji.

COUNT FIVE: The plaintiff says his cell conditions violate the Eighth Amendment. The plaintiff says the cell is filthy with layers of dust and no ventilation which aggravates his sinus and asthma conditions. In addition, the plaintiff says he is not given any cleaning supplies and his cell often smells of urine and feces.

The plaintiff says he has alerted Warden Anglin, Counselor Laker and Counselor Peterson

about the problem, but no action has been taken.   The plaintiff's surviving claim, Count Two, also states claims against Defendant Anglin.  Therefore, the plaintiff will be allowed to proceed on this Eighth Amendment claim against Defendants Anglin, Laker and Peterson.

COUNT SIX: The plaintiff says "wexford is the final policy maker of the health care units." (Comp, p. 11) The plaintiff says Wexford has ordered doctors not to provide care, and has taken away his inhalers and shoes.  First, the court notes that the plaintiff has not listed Wexford as one of his defendants in the amended complaint.  Second, this claim is not related to either of the plaintiff's surviving claims.  This count will not be considered by the court.

COUNT SEVEN: At some unspecified time, the plaintiff says he was placed in a cell with a mattress that had 15 broken springs.  The plaintiff says he asked for a new mattress, but his request was denied.  The plaintiff says he asked Officer Ford and Officer Manssey to fill out a work order to fix the mattress, but this request was denied.   The plaintiff says he began to develop back pain, and was told by Nurse Linda that the health care department could not help with his broken mattress.

None of these individuals has been identified as a defendant.  More importantly, the plaintiff has again attempted to add an unrelated claim against unrelated defendants in the same lawsuit.  The court will not consider this allegation in this lawsuit.

CONCLUSION

Based on the court's merit review of the plaintiff's amended complaint, the plaintiff has the following surviving claims:

1) Defendants Marcia Keys, Suzann Griswold, Keith Anglin, Joseph Loftus and Victor Calloway were deliberately indifferent to the plaintiff's health and safety when they continue to provide the plaintiff with a high soy content diet despite the negative consequences for the plaintiff's health; and 2) Defendants Anglin, Laker and Peterson also violated the plaintiff's Eighth Amendment rights based on the filthy living conditions in his cell.

The claims are against the defendants in their individual capacities only.   The plaintiff will need to clarify the time frame of his allegations during the discovery process.

**IT IS THEREFORE ORDERED:**

**1)  Pursuant to its merit review of the amended complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**
> **a) Defendants Marcia Keys, Suzann Griswold, Keith Anglin, Joseph Loftus and Victor Calloway were deliberately indifferent to the plaintiff's health and safety when they continue to provide the plaintiff with a high soy content diet despite the negative consequences for the plaintiff's health; and**
> **b) Defendants Anglin, Laker and Peterson also violated the plaintiff's Eighth Amendment rights based on the filthy living conditions in his cell.**

**2)  All other claims based on federal law, other than those set forth in paragraph (1) above, are**

dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A or for a violation of Rules 18 and 20 of the Federal Rules of Civil Procedure based on bringing unrelated claims against unrelated defendants in the same lawsuit.   Consequently, the clerk of the court is directed to dismiss Defendants Louis Mathes, Dr. Funk, Nurse Tina, Terry Fueyo, Mary Miller, Dr. Ameji and Ricky Jones.

3)  This case shall proceed solely on those federal claims identified in paragraph one above. Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

4) A Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

5)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

6)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this 29th Day of October, 2009.

**sHarold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE