UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY CONLEY,
    Plaintiff,

vs.         09-1299

LOIS MATHES, et al.
    Defendants.

CASE MANAGEMENT ORDER

This cause is before the court case management and consideration of the plaintiff's motion for a preliminary injunction or temporary restraining order [d/e 23] and the defendants' motion to stay the proceedings pending the court's ruling on the motion for summary judgement. [d/e 30]

I. BACKGROUND

The court dismissed the plaintiff's original complaint as a violation of Rules 8, 18 and 20 of the Federal Rules of Civil Procedure. *See* September 21, 2009 Merit Review Order. The court gave the plaintiff additional time to file an amended complaint and the plaintiff complied. On October 29, 2009, the court conducted a merit review of the plaintiff's amended complaint and found that he had alleged the following claims:

    a) Defendants Dietary Manager Marcia Keys, Food Service Manager Suzann Griswold, Warden Keith Anglin, Warden Joseph Loftus and Assistant Warden Victor Calloway were deliberately indifferent to the plaintiff's health and safety when they continue to provide the plaintiff with a high soy content diet despite the negative consequences for the plaintiff's health; and,
    b) Defendants Anglin, Counselor Laker and Counselor Peterson also violated the plaintiff's Eighth Amendment rights based on the filthy living conditions in his cell.
    October 29, 2009
    Merit Review Order.

II. MOTION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

The plaintiff has filed a motion requesting a preliminary injunction or temporary restraining order. [d/e 23] The plaintiff is asking for a non-soy diet and transfer to Dixon Correctional Center. The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir. 1980). The court must first consider "whether the moving party has demonstrated: 1) a reasonable likelihood of success on the merits, and 2) no adequate remedy at law and irreparable harm if preliminary relief is denied." *Aircraft Ownders and Pilots Ass'n v.*

1

*Hinson,* 102 F.3d 1421, 1424-25 (7th Cir. 1996). (*internal citations omitted*). If the moving party has demonstrated those items to the satisfaction of the court, then it must look at: 3) the irreparable harm the non-moving party will suffer if the injunction is granted balanced against the irreparable harm the moving party will suffer if the injunction is denied, and 4) the public interest, i.e., the effect that granting or denying the injunction will have on non-parties." *Id.* The Court of Appeals for the Seventh Circuit had adopted a sliding scale approach where the greater the movant's chances of success on the merits, the less he must show that the balance of hardships tips in his favor. *Ty, Inc. V. Jones Group, Inc.,* 237 F.3d 891 (7th Cir. 2001).

The plaintiff claims he is being retaliated against including verbal threats, a denial of food on two occasions and taking his typewriter. The plaintiff does not specify when these events occurred or who specifically was involved. The plaintiff also alleges that his health is in great jeopardy due to poor ventilation, small cells and the continued consumption of soy. While the plaintiff makes claims that he has had a variety of serious medical problems due to the soy diet, he has not provided any medical records or other evidence to support this claim.

"The granting of a preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Roland Machinery Co. v. Dresser Industries,* 749 F.2d 380, 389 (7th Cir. 1984). The plaintiff has not met his burden. The plaintiff has provided no evidence that there is a reasonable likelihood of success on the merits of his claims. In addition, the plaintiff has not demonstrated that he has no adequate remedy at law. There is a grievance system in place for the plaintiff to complain about the denial of two food trays and the taking of his typewriter. The motion is denied.

### III. MOTION TO STAY

The defendants have asked the court to stay proceedings until the court has considered its pending motion for summary judgement based on failure to exhaust administrative remedies. [d/e 30] The defendant say the plaintiff has sent discovery requests to the defendants, and before responding, they ask the court to either stay the proceedings or allow them a 30 day extension.

The court has reviewed the defendants' dispositive motion. The defendants argue that the plaintiff only named two defendants, Keys and Griswold, in his claim involving a soy diet. Therefore, defendants argue that the plaintiff has failed to exhaust his administrative remedies for Defendants Anglin, Loftus and Calloway. In addition, the defendants argue that the plaintiff failed to file at timely appeal concerning his grievance about cell conditions and therefore this claim should be dismissed in its entirety.

The court will stay discovery in this matter until the plaintiff has had a chance to respond to the motion for summary judgement and the court has considered both parties arguments. The plaintiff is reminded that he must respond to the dispositive motion on or before February 16, 2010.

### IV. DEFENDANTS

The court needs to clarify the status of three defendants. The court notes that in its October 29, 2010 merit review of the plaintiff's amended complaint, it dismissed five claims and allowed two allegations to continue. The plaintiff had been previously warned that he could not include unrelated claims against unrelated defendants in the same lawsuit.

One of the plaintiff's surviving claims alleged that Defendants Anglin, Laker and Peterson violated his Eighth Amendment rights based on cell conditions. The plaintiff was allowed to proceed with this claim since he had stated a previous unrelated claim against Defendant Anglin. However, the court failed to note that while the plaintiff named Counselors Laker and Peterson in the body of his complaint, he did not identify them in his list of defendants. Therefore, there are not currently in this case. The court will direct the clerk of the court to add Counselor Laker and Counselor Peterson from Danville Correctional Center to this case and send notice of lawsuit and waiver or service forms to these individuals.

The court also notes that Defendant Joseph Loftus has not been served and the defendants have filed a Suggestion of Death with the court. [d/e 27] Since this defendant had not been served, the court has jurisdiction over the case, but no personal jurisdiction over this defendant. However, "[o]nce the case has commenced, even if the deceased party has not been served, the case may proceed against a representative of the deceased party if proper substitution is achieved and proper service is thereafter made upon the party's representative." *Summers v Weiderhold,* 1998 WL 160830 at 3 (N.D.N.Y. April 3, 1998). Pursuant to Federal Rule of Civil Procedure 25, the plaintiff has 90 days to file a motion to substitute this defendant and identify the representative of Defendant Loftus's estate, if there is one. *See* Fed.R.Civ.P. 25(a)(1). It is the plaintiff's duty to provide the service address of the defendant's successors or representatives to the court. *See Thomas v Diaz,* 2009 WL 2424575 at 5 (E.D. Cal. Aug. 6, 2009)

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motion for a temporary restraining order or preliminary injunction is denied. [d/e 23]**

**2) The defendants' motion to stay discovery pending the outcome of the motion for summary judgement is granted. [d/e 30] The plaintiff is reminded that he must respond to the dispositive motion on or before February 16, 2010. If the plaintiff fails to file a response on or before February 16, 2010, his case may be dismissed.**

**3) The Clerk of the Court is directed to add Defendants Counselor Laker and Counselor Peterson from Danville Correctional Center to this case pursuant to the court's October 29, 2010 Merit Review. The Clerk is also directed to send Notice of Lawsuit and Waiver of Service forms to these individuals.**

**4) The defendants have filed a Suggestion of Death for Defendant Loftus. This Defendant has not been served. The plaintiff has 90 days to file a motion to substitute defendants and name a substitute defendant pursuant to Federal Rule of Civil Procedure 25(a)(1).**

**5) The status hearing pursuant to Rule 16 of the Federal Rules of Civil Procedure on February 5, 2010 is canceled as unnecessary and the writ is recalled. The clerk is to notify the parties and the plaintiff's place of residence.**

Entered this 28th Day of January, 2010.

                                            **s\Harold A. Baker**

                                            HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE