UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ANTHONY CONLEY,
    Plaintiff,

vs.                                                                 09-1299

LOIS MATHES, et al.
    Defendants.

SUMMARY JUDGEMENT ORDER

This cause is before the court for consideration of the defendants motion for summary judgement. [d/e 28]

I. BACKGROUND

The plaintiff's initial complaint was filed pursuant to 42 U.S.C.§1983 and was dismissed as a violation of Rule 8, 18 and 20 of the Federal Rules of Civil Procedure. The plaintiff was given additional time to file an amended complaint. *See* September 21, 2009 Court Order.

After merit review of the plaintiff's amended complaint, the court found the plaintiff had adequately alleged claims against seven defendants including: Dietary Manager Marcia Keys, Warden Keith Anglin, Warden Joseph Loftus, Assistant Warden Victor Calloway, Food Service Manager Suzann Griswold and Counselors Laker and Peterson.

The court found the plaintiff had stated the following claims:

1) Defendants Marcia Keys, Suzann Griswold, Keith Anglin, Joseph Loftus and Victor Calloway were deliberately indifferent to the plaintiff's health and safety when they continued to provide the plaintiff with a high soy content diet despite the negative consequences for the plaintiff's health; and,
2) Defendants Anglin, Laker and Peterson also violated the plaintiff's Eighth Amendment rights based on his filthy living conditions. The claims are against the defendants in their individual capacities only. *See* October 29, 2009 Merit Review Order.

The plaintiff was advised that he would need to clarify the time frame of his allegations during the discovery process. October 29, 2009 Merit Review Order, p. 4. Defendants Anglin, Calloway, Keys and Griswold have filed a motion for summary judgment on the issue of exhaustion.

## II. FACTS

The plaintiff did not respond directly to the defendants' statement of undisputed facts. Therefore, the following facts are taken from the exhibits submitted by the parties.

Sarah Johnson says she is the Chairperson of the Office of Inmate Issues and maintains the record for the Administrative Review Board (herein ARB). (Def. Memo, John. Aff, p. 1). Johnson says she has searched the records of the ARB for any grievances filed by the plaintiff relating to the issues in his complaint.

The plaintiff filed one grievance concerning the soy diet which was dated March 7, 2008. The ARB responded on July 25, 2008. The ARB also has one grievance from the plaintiff pertaining to a dirty cell. This grievance is dated May 19, 2008. It was signed by the Chief Administrative Officer on August 7, 2008, but it was not received by the ARB until September 29, 2008. The ARB returned the grievance to the plaintiff on December 28, 2008, since it was not submitted in the proper time frame.

The defendants have provided copies of both grievances. The grievance pertaining to soy products dated March 7, 2008, states that the plaintiff has several medical conditions caused by his soy diet. The plaintiff says Defendants Griswald and Keys are aware that the soy diet contributes to certain medical conditions. The plaintiff also says the program administrators and warden are equally at fault because they sign off on the soy diet that is causing his health problems.

The grievance pertaining to a dirty cell, dated May 18, 2008, states that he is not receiving cleaning supplies and his wing is filthy. The plaintiff says the dust build up is so great that it is impacting his ability to breath and aggravating his asthma. The plaintiff received a counselor's response on May 26, 2008. Grievance Officer Kerrick Kiley responded and the Warden signed off on grievance both on August 7, 2008. On September 29, 2008, the ARB received the grievance and returned it on December 28, 2008 as untimely.

Kerrick Kiley says he is a grievance officer at Danville Correctional Center. Once he has reviewed a grievance, he takes the grievance to the Warden's office for review. Kiley says once the Warden's office has reviewed the grievance, he puts the grievance back in the institutional mail which is "typically on the same day as the Warden's review." (Kiley Aff, p. 1) Kiley further states it takes "one or two days, four days at most, for the inmate to receive the grievance." (Kiley Aff, p. 1)

## III. LEGAL STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56c. Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e).

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659.

## III. ANALYSIS

Defendants Anglin, Calloway, Keys and Griswold maintain that the plaintiff did not properly exhaust his administrative remedies for his claims. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. §1997e(a).

The purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v Zachary,* 255 F.3d 446, 450-51 (7th Cir. 2001). The Seventh Circuit has taken a strict compliance approach to exhaustion requiring a prisoner to pursue all available administrative remedies and comply with the prison's procedural rules and deadlines. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir.2002)

> If an inmate fails to follow the grievance procedure rules, his claims will not be considered to be exhausted, but instead forfeited, and he will be barred from filing suit in

federal court even if administrative remedies are for practical purposes no longer available to him due to his procedural default. *Pozo,* 286 F.3d at 1025.

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v Bock,* 549 U.S. 199, 218 (2007).
The grievance procedure applicable to the Illinois Department of Corrections is set forth under Title 20 of the Illinois Administrative Code, Sections 504.800-504.850. Here are the stated requirements as of May 1, 2003:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of the individual are not know, but the offender must include as much descriptive information about the individual as possible. 20 Ill.Admin.Code §504.810(b).

The defendants maintain that the plaintiff only named Defendants Keys and Griswold in his grievance pertaining to the soy diet. Therefore, he has failed to exhaust his administrative remedies for the other defendants including: Warden Keith Anglin, Warden Joseph Loftus and Assistant Warden Victor Calloway.

While the plaintiff does not name these individuals specifically, he does clearly make reference to the wardens in his grievance. The court notes that the majority of the federal courts of appeals have not endorsed a requirement that a defendant to a civil suit first be named in an inmate's prison grievance to constitute exhaustion under 42 U.S.C. § 1997e(a) *See Shaw v. Frank,* 2008 WL 283007 at 10 (E.D.Wis. Jan. 31, 2008) "Rather, the standard is whether the offender complaint would put an official on notice of the plaintiff's claim." *Id.* The plaintiff's grievance provides this notice.

The defendants also maintain that the plaintiff did not fully exhaust his claim concerning a dirty cell. If the plaintiff wishes to appeal a grievance to the ARB, he must "appeal in writing to the Director within 30 days after the date of the decision." 20 Il.Admin.Code 504.850. This information is provided at the bottom of every grievance form.

In this case, the Warden signed off on the grievance on August 7, 2008, but the ARB did not receive the appeal until more than 30 days later on September 29, 2008. The grievance officer who handled this grievance says the grievance is placed in the institutional mail after the Warden signs off on it. However, the plaintiff alleges he did not get a copy of this grievance until September 10, 2008 due to a backlog in the mail system. As proof, the plaintiff has produced a copy of his grievance which shows that he signed off on the grievance asking for an appeal to the ARB on September 10, 2008.

The defendants counter that the copy of the grievance that was received by the ARB was **not** signed or dated by the plaintiff. (Def. Mot, Ex B). The copy of this document presented by the defendants is file stamped September 29, 2008 and has no signature or date from the plaintiff. The defendants state it appears the plaintiff has recently added his name and date to support his claims. The court notes that the copy provided by the plaintiff does not have the September 28, 2008 file stamp from the ARB and there are copy lines on the paper that appear to indicate something was placed over the stamp when the document was copied.( Plain. Response, [d/e 37] p. 12). In addition, the previous and subsequent copies of this document submitted by the plaintiff do NOT bear the plaintiff's signature, nor the September date. (Plain Reply [d/e 43], p.7) (Comp, p. 40)

Finally, while its certainly conceivable that there was some delay before the plaintiff received a copy of his grievance in the institutional mail, it is not credible to the court that this delay was more than a month. The court notes that any factual disputes concerning exhaustion are to be resolved by the court, not a jury. *See Pavey v. Conley*, 544 F.3d 739 (7th Cir.2008). Therefore, the court finds that the plaintiff did not fully exhaust his administrative remedies for his claim concerning the filthy cell.

## MOTION TO SUBSTITUTE

On January 28, 2010, the court noted that a Suggestion of Death had been filed with the court on behalf of Defendant Joseph Loftus. The court further noted that this defendant had never been served, and therefore the court had no personal jurisdiction over this defendant. However, the court informed the plaintiff that he had 90 days to file a motion to substitute this defendant and identify the representative of Defendant Loftus' estate if there was one. *See* January 28, 2010 Court Order, p. 3

The plaintiff has filed a motion to substitute parties. The plaintiff is asking to replace Warden Joseph Loftus with Warden Keith Anglin. Warden Anglin is already a defendant in this lawsuit and is not a representative of Loftus. The motion to substitute is denied. [d/e 35]. The court will dismiss Defendant Loftus from this lawsuit.

**IT IS THEREFORE ORDERED that:**

**1) The defendants motion for summary judgement is granted in part and denied in part. [d/e 28]. The plaintiff's claim that Defendants Anglin, Laker and Peterson violated his Eighth Amendment rights based on his filthy living conditions is dismissed. The plaintiff failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a). The clerk of the court is directed to dismiss Defendants Laker and Peterson.**

**2) The plaintiff's motion to substitute parties is denied. [d/e 35]. The clerk of the court is also directed to dismiss Defendant Loftus pursuant to Federal Rules of Civil Procedure 4 and 25.**

**3) The plaintiff has one surviving claim: Defendants Marcia Keys, Suzann Griswold, Keith Anglin and Victor Calloway were deliberately indifferent to the plaintiff's health and safety when they continued to provide the plaintiff with a high soy content diet despite the negative consequences for the plaintiff's health**

**4) All discovery must be completed on or before January 31, 2011 and any further dispositive motions must be filed on or before February 28, 2011.**

ENTERED this 12th day of August, 2010.

                                        \s\Harold A. Baker
                                        _____
                                             HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE